## SPENCER v. FORCHT *et al.*

1.  One who takes a deed of land, on which is a mortgage, paying nothing for it, has no greater right than the mortgagor, his grantor, to have the mortgage declared satisfied, because the mortgagee purchased from the mortgagor, at their full value, chattels also mortgaged to secure the debt, and applied the price on the debt, without foreclosing the chattel mortgage.

2.  Even if one who takes a deed of land on which is a mortgage thereby becomes in fact a junior mortgagee, he, by failing to record his deed till the mortgagee purchases in good faith, and at its full value, and for the purpose of reducing the debt, chattels also mortgaged to secure the debt, is precluded from asserting that the entire debt should be considered satisfied because the property was taken without a foreclosure of the chattel mortgage.

(Opinion filed Nov. 26, 1902.)

Appeal from circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Action by S. F. Spencer against Albert Forcht and others. Judgment for defendants, and plaintiff appeals.    Affirmed.

*Irvin H. Myers, John B. Hanten,* and *I. W. Goodner,* for appellant.

If the property is subject to the liens of other creditors, the mortgagee should sell only enough to satisfy the mortgage claim. For any surplus he must account to such creditors. He must, moreover, account for the actual value of the goods without regard to the amount received for them if that be less than their value. Jones on Chattel Mortgages (3rd Ed.) Sec. 710, 702; Linenger v. Herron, 36 N. W. 481; Cobbey on Ch. Mtgs. Sec. 979. 964, 974. The mortgagee who takes possession of mortgaged property, upon which creditors have claims, occupies a trust relation in regard to such property, and in disposing of it, will be held to strict account. Cobbey on Ch. Mtgs. Sec. 985. If a mortgagee takes possession of the mortgaged property after default, and retains it or sells it without foreclosure, the debt is regarded as satisfied. If the same debt is secured by a mortgage of land as well as of chattels, and the mortgagee seizes the latter upon default, a subsequent purchaser of the land from the mortgagor has an equity to compel the mortgagee to apply the value of the chattels seized to the mortgage debt. The mortgagee in such case must account for the value of the chattels seized to the mortgage debt. Jones on Chattel Mortgages (3rd Ed.) § 711, (Moody v. Hasselden, 1 S. C. 129;) Wygal *et al.* v. Bigelow, 22 Pac. 612; Herbert v. B. & L. Assoc., 17 N. J. Eq. 497.

*Ezra Adams* and *W. S. Glass*, for respondents.

No liability can be predicated unless it appear that the security was lessened by a senior creditor knowing that a portion of the mortgaged premises have been subsequently incumbered to the prejudice of the subsequent lienor, where both funds have been brought into court they will be distributed according to equity. The prior incumbrancer is entitled to notice of

the junior claim and of the intention of the junior creditor to compel him to make his election. Ross v. Duggan, 5 Colo. 85; Enc. Law 1st ed., vol. 14, page 695 and note; if a paramount creditor has knowingly put it out of his power to make an assignment of his rights in the singly charged fund, he may be precluded from so much of his demand as the junior creditor might have recovered if the assignment could have been made. Enc. Law, 1st ed., vol. 14, page 698. Where title is claimed, where the claim of the complainant is not founded on a lien but is based on title to the property obtained from the debtor, the doctrine it would seem cannot apply. Since if the claim of title is valid it will prevail over the rights of the grantor's creditors. Enc. Law 2nd ed., vol. 19, page 1287; Kirksey v. Stewart 38 Ala. 692.

FULLER, J. In this action by the holder of a deed to certain mortgaged premises against a corporate mortgagee and its assignee for an accounting and to cancel the mortgage all facts were found in favor of the defendants, and plaintiff appeals from a judgment accordingly entered.

On the 30th day of August, 1892, Richard Ralph mortgaged to the Minneapolis Threshing Machine Company a complete threshing outfit as security for his promissory notes aggregating $2,150, and, after making certain payments, gave the company renewal notes for the balance, amounting to $1,584, additionally secured by the real estate mortgage in question, which was executed by himself and wife on the 18th day of December, 1895, and duly recorded in the office of the register of deeds. With notice of such incumbrance and a prior mortgage of $300, appellant secured his deed from the mortgagors, with-

6 S. D.—19

out consideration, on the 15th day of July, 1897, and concerning the transaction the mortgagor and maker of the deed testified as follows: "Q. How did Spencer get title? A. I gave him a quitclaim deed. Q. What did he pay you for that deed? A. He did not pay me anything. The circumstances of my giving the deed were these: He came out there, and told me he had bought the mortgage, and he was going to foreclose if I did not give him a deed. He had the deed right with him. The mortgage he was going to foreclose was the $300 I had on the land. He claimed he had bought it of the South Dakota Loan and Trust Company. If he foreclosed. I was to have a year for redemption, and he agreed that he would give me a year if I gave him the deed. That condition was not put in the deed that I was to have the right to redeem. I got a slip of paper. I don't know where it is now. I can't remember to state any part of it. I guess it gave me a year's time to redeem, as near as I can remember." It was shown by the greater weight of convincing testimony that some months later, and before this deed was recorded, or in any manner brought to the attention of the machine company, Ralph sold for $300, and delivered to such corporation, all the property described in the chattel mortgage, pursuant to an express agreement that such sum would be applied on the indebtedness secured by the real estate mortgage dated December 18, 1895. By crediting this $300 and all other payments ever made by or on behalf of the mortgagors, the indebtedness was reduced to $851 prior to the 30th day of September, 1898, at which time the corporate mortgagee, in consideration of $851, sold, assigned, transferred and delivered to respondent Forcht the promissory notes upon which such amount remained due, together with an assignment

of the real estate mortgage given to secure the same; and he is still the owner and holder thereof, no part of which has been paid. It was shown by a fair preponderance of competent evidence that the real value of the property described in the chattel mortgage did not exceed $300 when the mortgagee, without notice of appellant's unrecorded deed, purchased it all, and, conformable to an agreement with the mortgagor, applied the full purchase price on his indebtedness. Having paid nothing for the deed, there is no rule of equity which places the appellant in a more favorable position than the mortgagor and former owner of the land would occupy had the record title remained unchanged. Assuming that by virtue of a transaction which gave the owner and mortgagor the right to redeem the premises within a year appellant became a junior mortgagee, his failure to record his deed before the property described in the chattel mortgage was purchased in good faith by the machine company at its full value, and for the purpose of diminishing the debt thus partially secured, precludes him from asserting that the entire debt must be considered satisfied because the property was taken without a foreclosure of the chattel mortgage. In their brief, counsel for appellant frankly concede that "a mortgagee has a perfect right to release the security he has, part or all of it, unless he knows at the time that he will injure some other person, who cannot protect himself;" and the undisputed evidence shows that the threshing machine company, when it bought the property, and credited the full value thereof upon an indebtedness with which such premises were incumbered, had no knowledge that appellant, by virtue of his unrecorded deed, claimed, or would ever claim, an interest in the premises. Respondents' mortgage being a

valid and subsisting lien upon the land, appellant obtained merely the equity of redemption, and acquired no interest in other securities held by the mortgagee. Such being this case, it is needless to consider an unwarranted state of facts by which appellant might be entitled to relief, and the remaining assignments of error require no notice.

The judgment appealed from is affirmed.